UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL R. CLEMANS                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:24-CV-P334-JHM

J. SCARBOROUGH *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court upon a motion by Plaintiff Daniel R. Clemans for leave to amend the complaint (DN 23).

For the reasons set forth below, the Court will grant the motion for leave to amend as to some

claims and deny as to others.

**I.**

Plaintiff initiated this action on June 5, 2024.  Most of the claims in the original complaint

pertained to Plaintiff's incarceration at Meade County Detention Center (MCDC).  In its initial

review of the original complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed several of

Plaintiff's claims but allowed the following claims to proceed:  First Amendment legal mail claims

against Defendants MCDC Assistant Jailer Finch and MCDC official Rebecca Webster in their

individual capacities and a Fourteenth Amendment claim for deliberate indifference to Plaintiff's

serious medical needs against Defendant MCDC Nurse Amber Brown in her individual capacity

regarding Plaintiff's hernia (DN 11).  These Defendants filed a timely answer (DN 17).  However,

after mail sent to Plaintiff by the Court at his address of record was returned the Court as

undeliverable, the Court dismissed this action for lack of prosecution (DNs 19 & 20).  Four days

later, Plaintiff filed a letter informing the Court of his change of address, a motion for appointment

of counsel, and the instant motion for leave to amend the complaint.  By separate Memorandum

and Order, the Court reopened the instant action but denied Plaintiff's motion for appointment of counsel. Plaintiff's motion for leave to amend the complaint is now before the Court.

## II.

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because Plaintiff's motion for leave to amend was filed four days after the Court dismissed this action due to Plaintiff's failure to update his address, the Court finds that the motion was not

2

filed with undue delay or in bad faith and that no Defendant would be prejudiced if the motion was granted.  Thus, the Court will consider below whether either proposed amendment would be futile.

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Defendant Nurse Brown

As stated above, on initial review of this action pursuant to § 1915A, the Court allowed a Fourteenth Amendment claim for deliberate indifference to proceed against Defendant MCDC Nurse Amber Brown in her individual capacity regarding Plaintiff's hernia.  The Court specifically allowed a Fourteenth Amendment claim to proceed because Plaintiff indicated that his allegations regarding his hernia occurred while he was incarcerated at MCDC as a pretrial detainee.[1]  "The Court, however, dismissed Plaintiff's claim based upon his allegation that Nurse Brown changed his "mental health meds without warning causing bad side effects" for failure to state a claim upon which relief may be granted.  In dismissing the claim, the Court held that it need not determine whether Plaintiff was a convicted prisoner or pretrial detainee when Defendant Brown allegedly changed his mental health medications because his allegation was too vague to satisfy the objective

---

[1] While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment which provides similar, but not identical, protections to pretrial detainees.  *See, e.g.*, *Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021).

component of the medical indifference standard which is the same under both the Eighth and Fourteenth Amendments.

In the motion for leave to amend, Plaintiff clarifies that he was a pretrial detainee when Defendant Brown allegedly changed his mental health medications.  Upon review of Plaintiff's more specific allegations as to this claim in his motion, the Court will allow Plaintiff to amend the complaint as to this claim and thus allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's mental health to proceed against Defendant Brown in her individual capacity.

### B. Defendant Finch

#### 1. Religion

In its initial review of this action, the Court dismissed Plaintiff's First Amendment free-exercise claim and any Religious Land Use and Institutionalized Persons Act (RLUIPA) claim asserted against Defendant Finch because Plaintiff's allegations in support of these claims were vague and conclusory and because Plaintiff did not identify his religion.

Plaintiff reasserts these claims in his motion for leave to amend and alleges that he is a practicing Catholic.  He further alleges that Defendant Finch threw away his bible; denied him clergy visits (which interfered with his right to receive "the Sacraments, Confessions, Communion/Host, etc."); and intercepted his mail from priests and pastors.

Upon consideration, the Court will allow Plaintiff to amend the complaint as to these claims, thus allowing a First Amendment free-exercise and RLUIPA claim to proceed against Defendant Finch in his individual capacity.

### 2. Denial of Access to Counsel

In the motion for leave to amend the complaint, Plaintiff also alleges that Defendant Finch violated his First, Sixth, and Fourteenth Amendment rights by forcing Plaintiff and his defense attorney "to talk through recorded lines, through glass in the visiting room, deny visits . . . just prior to trial (the most important time); limiting visits to only 30 minutes." Plaintiff continues, "Plaintiff's trial was affected by Plaintiff not testifying, one reason because Plaintiff was not allowed, due to Finch's actions, to have adequate PRIVATE meetings and preparation to testify at trial."

Because Plaintiff asserts that Defendant Finch denied him adequate access to counsel in his state-court criminal action, in which he was convicted, the claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).[2]  In *Heck*, the Supreme Court held that a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under  28 U.S.C. § 2254."  *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

---

[2] A review of Kentucky state-court records shows that, following a jury trial, Plaintiff was convicted of murder on April 16, 2024, and that this conviction has not been overturned.  *See Commonwealth v. Clemans*, No. 22-cr-00036 (Meade Circuit Court).  The Court takes judicial notice of these records.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (federal courts may take judicial notice of court records that are available online to members of the public).

Thus, under *Heck*, "a § 1983 suit is not the appropriate vehicle for a denial of counsel claim" unless the conviction or sentence in the underlying criminal action has been set aside. *Shelby v. Tennessee*, No. 2:17-cv-02605-TLP-tmp, 2019 U.S. Dist. LEXIS 59677, at *7 n.1 (W.D. Tenn. April 8, 2019). This is because a claim that a plaintiff was denied access to counsel in his criminal case, if found to have merit, would call into question the validity of the conviction. *See Morrow v. Tri Cnty. Jail*, No. 3:23-cv-21, 2023 U.S. Dist. LEXIS 57863, at *5-6 (S.D. Ohio Mar. 31, 2023) (holding claim for denial of access to counsel in the plaintiff's underlying criminal case was barred by *Heck*); *see also Laughlin v. Stuart,* No. 22-1742, 2022 U.S. App. LEXIS 29321, at *2 (8th Cir. 2022) (holding Sixth Amendment claim barred by *Heck*); *Aurelio v. Joyce*, 683 F. App'x 731, 735 (10th Cir. 2017) (holding denial of access to counsel claim that the plaintiff's conditions of confinement adversely affected his ability to prepare a defense was *Heck*-barred); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (holding Sixth Amendment claim that pretrial detainee's access to his attorney was rendered "practically impossible" was barred by *Heck*); *Williams v. Taylor*, No. 18-cv-2933, 2019 U.S. Dist. LEXIS 93074, at *6 (N.D. Ill. June 4, 2019) (citing various cases for the proposition that "it appears well-established that any Sixth Amendment claim—especially those asserting that a prisoner was denied access to counsel— necessarily implicates the validity of any underlying conviction in state court and is therefore *Heck*-barred").

Thus, the Court will deny Plaintiff's motion for leave to amend the complaint as to his denial-of-access-to-counsel claims since they are futile.

### C.  Deputy Bryan Pesis

In the original complaint, Plaintiff alleged that Meade County Sheriff's Deputy Bryan Pesis committed perjury during Plaintiff's state-court criminal trial and destroyed exculpatory evidence.

Upon its initial review of this action, the Court dismissed these claims.  In the instant motion for leave amend the complaint, Plaintiff seeks to add clarifying details in support of these two claims and to assert a new malicious prosecution claim against Deputy Pesis.

### 1. Perjury

The Court dismissed Plaintiff's initial perjury claim against Deputy Pesis because "witnesses who testify at trial—whether government officials or lay witnesses—are entitled to absolute immunity from suit based on that testimony." *Briscoe v. LaHue*, 460 U.S. 325, 334-46 (1983) (holding that § 1983 does not authorize a plaintiff to assert a claim against a government official for damages for giving false testimony as a witness at a trial or court hearing).  The Court additionally noted that a government witness is entitled to testimonial immunity "no matter how egregious or perjurious that testimony was alleged to have been." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)).

In the instant motion to amend, Plaintiff alleges that Deputy Pesis committed "pre-trial perjury/non-testimonial perjury" – but he does connect any specific statements by Deputy Pesis to this allegation.  Indeed, the only false statement Plaintiff indicates that Deputy Pesis made is his statement at trial that that he had turned over certain evidence to the prosecutor.  As explained above, Plaintiff's perjury claim against Deputy Pesis as to this statement is barred by the doctrine of testimonial immunity.

For these reasons, the Court concludes that allowing Plaintiff to amend the complaint to reinstate a perjury claim against Deputy Pesis would be futile.

### 2.   Destruction and/or Suppression of Exculpatory Evidence

Upon initial review, the Court dismissed Plaintiff's destruction of evidence claim because he did not allege what exculpatory evidence had been destroyed.  However, Plaintiff now alleges that Deputy Pesis testified that he destroyed pictures of Plaintiff's hands, their measurements, as well as "hand-castings."  Plaintiff states that this destroyed evidence was crucial to his defense. He states that his hands were "flawless AND the measurements did not match up to any 'injury,'" and that if the jury had seen "these forensic photographs and measurements of Plaintiff's hands," they would have "exonerate[d] Plaintiff from the Commonwealth's sick theory in which he was convicted."  Plaintiff also alleges that Deputy Pesis "refused and suppressed" evidence that the "decedent" had been in a dirtbike accident less than two hours prior to his death and evidence of two emergency room visits which would have established that the "decedent" had pain in the "EXACT location of the Medical Examiner's opinion of 'cause of death' . . . just days prior to the incident."

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. 83, 87 (1963).  The duty to disclose exculpatory evidence is not limited to prosecutors; police officers share an analogous duty to disclose such evidence to the prosecutor's office.  *Moldowan*, 578 F.3d at 381.  However, in *Heck*, the Supreme Court specifically held that a § 1983 claim about the destruction of evidence that calls into question a plaintiff's criminal conviction must be dismissed unless the plaintiff's conviction has been formally invalidated.  512 U.S. at 486-87.  The Supreme Court held that a claim that officers knowingly destroyed exculpatory evidence necessarily implies the validity of the plaintiff's conviction or sentence.  *Id*.  Here, Plaintiff specifically asserts that

the evidence which was destroyed and/or "suppressed" would undermine his criminal conviction. Thus, Plaintiff's claims regarding the destruction/suppression of exculpatory evidence would be subject to dismissal. *See also Kenny v. Bartman*, No. 16-2152, 2017 U.S. App. LEXIS 16640, at *18 (6th Cir. May 19, 2017) (holding that *Heck* barred claim that the defendants had withheld exculpatory evidence in violation of *Brady*).

As such, the Court finds that it would be futile to allow Plaintiff to amend the complaint as to these claims.

### 3. Malicious Prosecution

The Court turns to the malicious prosecution claim Plaintiff seeks to add to this action. In his motion, Plaintiff newly alleges that Deputy Pesis engaged in malicious prosecution when he "bootstrapped" a charge for tampering with evidence to Plaintiff's murder charge in the indictment. Plaintiff states that the trial judge dismissed the tampering charge against him during his criminal trial because there was no evidence to support it. And, indeed, the record of Plaintiff's state-court criminal action shows that he was convicted on the murder charge but that the tampering with the evidence charge was dismissed.

The elements for a malicious prosecution claim under the Fourth Amendment are: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a 'deprivation of liberty' . . . apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor." *Tlapanco v. Elges*, 969 F.3d 638, 654-55 (6th Cir. 2020) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)).

In *Howse v. Hodous*, the Sixth Circuit held that if there was probable cause to support one of the charges against a plaintiff, then the plaintiff could not maintain a claim of malicious prosecution as to any of the charges. 953 F.3d 402, 409 (6th Cir. 2020). "Probable cause exists when there are enough 'facts and circumstances' to make a reasonable person believe that 'the accused was guilty of the crime charged.'" *Id.* at 408 (quoting *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015)). Here, Plaintiff cannot dispute that probable cause existed to prosecute him for murder since he was convicted of that charge. *See Newman v. Twp. of Hamburg*, 773 F.3d 769, 773 (6th Cir. 2014) (comparing "the modest requirement that probable cause exist to prosecute someone and the stringent requirement that proof beyond a reasonable doubt exist to find him guilty"). As such, under *Howse*, Plaintiff's malicious prosecution claim regarding the tampering with evidence charge would fail to state a claim upon which relief may be granted.

Significantly, however, in *Chiaverini v. City of Napoleon*, the Supreme Court called the Sixth Circuit's *Howse* rule into question holding that an invalid charge alongside a valid one does not categorically preclude a person from raising a Fourth Amendment malicious prosecution claim as to the invalid charge. 602 U.S. 556 (2024). It held that courts must evaluate probable cause, "charge by charge." *Id.* In a subsequent case, the Sixth Circuit then held that although *Chiaverini* called the *Howse* rule into question, the defendant officer was entitled to qualified immunity as to the malicious prosecution claim brought against him, on the basis that he lacked probable cause to arrest the plaintiff for one of the two charges brought against him, because the plaintiff's rights as to the that claim "were clearly established by the *Chiaverini* decision in 2024, and not as of his 2020 arrest." *See Harrod v. Lee*, No. 24-5228, 2024 U.S. App. LEXIS 31742, at *11-14 (6th Cir. Dec. 13, 2024).[3] Thus, here, even if Plaintiff's allegations are enough to state a malicious

---

[3] Qualified immunity shields officers from damages (and litigation) unless the officials' conduct violated a constitutional right and the unlawfulness of their conduct right was "clearly established" at the time they acted.

prosecution claim against Deputy Pesis based upon the inclusion of the tampering with evidence charge with the murder charge, according to the Sixth Circuit, Deputy Pesis would be entitled to qualified immunity because the purported unlawfulness of Deputy Pesis's action was not clearly established until *Chiaverini* was decided on June 20, 2024, years after the criminal action against Plaintiff was initiated on January 10, 2022. Therefore, the Court will deny the motion to amend to add this claim.

### D. Ellen F. Lindsay

Plaintiff also seeks to add Meade County Circuit Court Clerk Ellen F. Lindsay to this action in both her official and individual capacities. Plaintiff alleges that she violated his constitutional rights by taking the following actions in his state-court criminal action: disregarding instructions in motions that he filed in his state-court criminal action, refusing to file motions sent by Plaintiff, and sending his "appeals" to the wrong court.

#### 1. Official-Capacity Claim

As to Plaintiff's official-capacity claim against Lindsay, Kentucky circuit court clerks "are state officers whose duties are coextensive with the Commonwealth . . . ." Ky. Rev. Stat. § 30A.010. A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). State officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) ("Th[e] Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

---

*District of Columbia v. Wesby*, 583 U.S. 48, 62 (2018). Moreover, "a court 'may [sua sponte] dismiss a . . . claim on qualified immunity grounds . . . , but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity.'" *Small v. Bock*, 963 F. 3d. 539, 543 (6th Cir. 2020) (quoting *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016)).

Thus, because Plaintiff's official-capacity claim against Lindsay is futile, the Court will deny Plaintiff's motion to amend the complaint to add this claim.

### 2. Individual-Capacity Claims

As to Plaintiff's individual-capacity claim against Lindsay, "[j]udicial employees are immune from damages for the performance of quasi-judicial duties." *Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). This doctrine applies to 'non-judicial officials performing tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune.'" *Williams v. Parikh*, No. 24-3059, 2024 U.S. App. LEXIS 22602, at *5-6 (6th Cir. Sept. 4, 2024) (quoting *Bush*, 38 F.3d at 847). Here, Lindsay is entitled to quasi-judicial immunity because all of Plaintiff's allegations against her are based on actions she took while performing quasi-judicial duties. *See Williams*, 2024 U.S. App. LEXIS 22602, at *5-6 (holding claim against county clerk for refusing to file a complaint was subject to dismissal based on doctrine of quasi-judicial immunity); *Otworth v. Dorwin*, No. 20-2153, 2021 U.S. App. LEXIS 14050 (6th Cir. May 11, 2021) (same); *Wojnicz v. Davis*, 80 F. App'x at 383-384 (dismissing claim against state supreme court clerk for allegedly rejecting state habeas petition for filing as barred by doctrine of quasi-judicial immunity); *Qualls v. Crow*, No. 2:23-cv-3889, 2023 U.S. Dist. LEXIS 224683, at *9-10 (S.D. Ohio Dec. 18, 2023) (dismissing claims against state-court clerk where the plaintiff alleged the clerk had destroyed trial court records and failed to transmit records to the state court of appeals); *Pascoe v. Cabressa*, No. 3:23-cv-007-RGJ, 2023 U.S. Dist. LEXIS 106149, at *4-5 (W.D. Ky. June 20, 2023) (dismissing claim against state-court clerk for denying the plaintiff's requests to reschedule a hearing in his criminal action as barred by the doctrine of quasi-judicial immunity).

Thus, because Plaintiff's individual-capacity claims against Lindsay are futile, the Court will deny Plaintiff's motion to amend the complaint to add them to this action.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for leave to amend the complaint (DN 23) is **GRANTED in part and DENIED in part.**

The **Clerk of Court** is **DIRECTED to docket the motion for leave to amend the complaint as an amended complaint in a separate docket entry as of the date it was filed**.

The claims that are now proceeding in light of the amended complaint are a Fourteenth Amendment claim for deliberate indifference to Plaintiff's mental health needs against Defendant Brown in her individual capacity and First Amendment free-exercise and RLUIPA claims against Defendant Finch in his individual capacity.

The Court will enter a separate Revised Scheduling Order to govern the development of all of the claims the Court has allowed to proceed in this action.

Date: December 30, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of Record
4414.011

13