# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
#### CIVIL ACTION NO. 3:24-CV-0334-JHM

Daniel Clemans

(Plaintiff)

v.

J. Scarborough, et al.

(Defendants)

## Motion For Summary Judgment

### with attached "Pretrial Memorandum"

Comes now Daniel Clemans ("Plaintiff), a *pro se* litigant, and moves for a Summary Judgment

against Defendants for the following grounds and supporting facts contained in the attached "Pretrial

Memorandum" ordered by this Court to be submitted (DN 87) to "set forth in detail all facts upon which

Plaintiff bases his claims in this matter against Defendants." Plaintiff respectfully request these *pro se*

filings be "held to a less stringent standard" as they are likely inartfully pleaded, but Plaintiff experienced

pain, suffering, and damages due to the Defendants' actions / non-actions and Plaintiff now has the burden

to demonstrate these truths through drafted motions, caselaw, facts and strict discovery rules, though not

trained in law. Defendant's have "CERTIFIED" they produced all Discovery (DN 80 and again DN 89).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The

standard of review and law is HELD in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986):

> "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (Id., at 322-326).

and

> "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts **immaterial**. The moving party is "entitled to a judgment as a matter of law" because **the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof**" (Id., at 322-323).

1

1.) Defendant Brown violated Plaintiff's Fourteenth Amendment rights and protections when she was deliberately indifferent to Plaintiff's serious <u>Medical Needs</u>. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

2.) Defendant Brown violated Plaintiff's Fourteenth Amendment rights and protections when she was deliberately indifferent to Plaintiff's serious <u>Mental Health Needs</u>. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

3.) Defendant Finch violated Plaintiff's First (and Fourteenth Due Process and Equal Protection) Amendment rights and RLUIPA protections by intentionally "substantially burdening " Plaintiff's exercise of his religion without any "reasonable penological interest" or "security concerns" to override such protections. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

4). Defendant Finch violated Plaintiff's First (and Fourteenth) Amendment rights and protections when he opened Plaintiff's legal mail outside of Plaintiff's presence, when he lost Plaintiff's incoming and outgoing legal mail, and refused making copies and notarizing Plaintiff's legal documents for filings, causing irreparable harm in legal proceedings. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

5.) Defendant Webster violated Plaintiff's First (and Fourteenth) Amendment rights and protections when she interfered with his ability to access the courts, refusing to notarize legal documents and losing Plaintiff's legal mail and court mail. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

6.) Defendant Meade County violated Plaintiff's rights due to its failure to adequately train its employees in whom Plaintiff/Meade County citizens had / have direct contact with, and by NOT implementing policy or training to ensure Meade County citizens' / Plaintiff's Federal Constitutional rights and protections are not violated. As "mandated" and shown in attached "pretrial memorandum," a Summary Judgment shall be granted on this claim.

WHEREFORE, Daniel Clemans ("Plaintiff), a *pro se* litigant, moves for a Summary Judgment against Defendants for the grounds and supporting facts contained herein and in the attached "Pretrial Memorandum."

Respectfully Submitted,

Daniel Clemans  333945
Lee Adjustment Center
168 Lee Adjustment Center Drive
Beattyville, KY  41311

**CERTIFICATE OF SERVICE**: I, Daniel Clemans, hereby certify that a true and exact of this Motion For Summary Judgment and attached "Pretrial Memorandum" was sent via U.S. Prepaid and Registered Mail this 22nd Day of October, 2025, to the Western District Court Clerk and to Counsel for Defendants, Hon. R. Keith Bond, 514 N. Mulberry Street, P.O. Box 826, Elizabethtown, Kentucky, 42702.

**Verification and Affidavit**:
I, Daniel Clemans, hereby swear and sign in front of a Notary that all in this Motion and attached "pretrial memorandum" is true and correct to the best of my knowledge and belief within these filed documents.

NOTARY:

DATE:

**NOTARY SEAL**

3

Daniel Clemans     333945
L.A.C.
168 Lee Adjustment Center Dr.
Beattyville, KY 41311

CERTIFIED MAIL



7021 2720 0000 9469 4553

US POSTAGE PITNEY BOWES
ZIP 41311   $ 015.40⁰
02.7W
0008031512 OCT 23 2025

FILED
JAMES J. VILT, JR. - CLERK

OCT 29 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

U.S. WESTERN DISTRICT COURT
CLERK - LOUISVILLE Division
GENE SNYDER U.S. COURTHOUSE

601 W. BROADWAY, ROOM 106
Louisville, KY 40202

LEE ADJUSTMENT CENTER

OCT 22 2025

MAILROOM

Legal Mail

Legal Filing