UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-334-JHM
**ELECTRONICALLY FILED**

DANIEL R. CLEMANS                                                                    PLAINTIFF

VS.
                          **DEFENDANTS' RESPONSE TO
              PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BRANDON FINCH, AMBER BROWN, REBECCA WEBSTER and MEADE COUNTY        DEFENDANTS

*****************************

## I.    INTRODUCTION

Come Defendants BRANDON FINCH, AMBER BROWN, REBECA WEBSTER and MEADE COUNTY, by counsel, and for their Response to Plaintiff's Motion for Summary Judgment, state as follows:

While Defendants BRANDON FINCH ("FINCH"), AMBER BROWN ("BROWN"), REBECCA WEBSTER ("WEBSTER") and MEADE COUNTY ("MEADE COUNTY")[1] respond herein, the MEADE COUNTY DEFENDANTS incorporate by reference the arguments propounded in their Motion for Summary Judgment (DN 106) filed of even date, but feel compelled to address blatant misstatements of fact set out in CLEMANS' Motion for Summary Judgment (DN 98).   MEADE COUNTY DEFENDANTS will address the misstatements in bullet point fashion and reserve their legal arguments/responses within their collective Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

In order to grant CLEMANS' requested relief, the Court must find that there is no genuine dispute as to any material fact and that he is entitled to summary judgment as a

---

[1] Collectively "MEADE COUNTY DEFENDANTS."

matter of law.  FRCP 56(a).  CLEMANS bears the initial burden of identifying the basis for the requested relief, including identifying what portion of the record demonstrates the absence of a genuine issue of material fact.  *Celotex Crop. V. Cartett*, 477 U.S. 317, 324 (1986).  If movant satisfies his burden, then the non-moving party must produce specific facts demonstrating a genuine issue of material fact, necessitating a trial.[2]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).  Here, CLEMANS has not satisfied his burden of producing any specific fact(s), simply bare assertions that fall woefully short of his responsibility.  The "mere existence of a scintilla of evidence" to seek summary judgment (or to preclude it) is insufficient.  *See Anderson,* 477 U.S. at 252.

Even though CLEMANS is a Pro Se party, it does not lessen his obligation to meet the standard of FRCP 56.  "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage*." Johnson v. Stewart*, No 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 20109).

### III.    LEGAL ARGUMENT

**<u>Defendant Amber Brown ("Brown")</u>**

<u>"1) In regards to the Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs proceeding against Defendant Brwon regarding Plaintiff's hernia</u>:"[3]

-"Plaintiff reported he had a hernia"-while true that he reported it to staff upon being booked into the Meade County Detention Center ("MCDC"), he has tendered no proof and there is no basis in fact to allow this claim to be proceed forward.[4]

---

[2] Here, not applicable since Meade County Defendants have a competing Motion for Summary Judgment (DN 106) that should be granted.
[3] See Clemans' Motion for Summary Judgment (DN 98), pg. 5

-CLEMANS asserts that BROWN took no action for over two years during his incarceration.[5]  BROWN did, in fact, treat CLEMANS per Orders issued by Roy Washington, APRN, but CLEMANS did not make any complaint regarding his "hernia" for approximately 18 months (from 2/23/22 to 8/9, 2023).[6]

-CLEMANS alleges that his mother was precluded from dropping off supplements by BROWN when the MCDC policy permitted it and references BROWN'S Answer to Interrogatory No. 5 to say it "could be dropped off if appropriately labeled with the name of recipient on bottle."[7]  This is a complete misstatement of both the Answer of BROWN and the policy of MCDC.[8],[9]

MEADE COUNTY DEFENDANTS could continue to address the inaccuracies stated by CLEMANS, but their offensiveness is best exemplified by the Affidavits of inmates he attaches to his Motion in an effort to validate his claims.[10]  Jailer J.J. Scarborough, a nonparty, scoured the MCDC records and determined the assertions of the various Affiants to be factually inaccurate, even factually impossible.  Affiants could not have witnessed what they assert within their respective Affidavits.[11]

Lastly, it is interesting to note that CLEMANS has not alleged any constitutional violations perpetrated by Roy Washington, APRN.  Washington saw, treated and prescribed medications in response to CLEMANS' complaints, yet CLEMANS does not allege any

---

[4] See Meade County Defendants Motion for Summary Judgment (DN 106), pgs. 14-18.

[5] See Clemans' Motion for Summary Judgment (DN 98), pg. 5.

[6] See Meade County Defendants Motion for Summary Judgment (DN 106), Exhibit #12 referenced on pg. 18.

[7] See Clemans' Motion for Summary Judgment, (DN 98), pg. 5.

[8] See Brown's Answer to Interrogatory No 5, along with verification pg. attached hereto as a part hereof and marked Exhibit #1.

[9] See Meade County Detention Center County Side Offender Handbook, "MEDICAL TREATMENT AND EDUCATION, 'Medications, f.'" attached hereto as a part hereof and marked Exhibit #2).

[10] See Clemans' Motion for Summary Judgment (DN 98), pg. 6-7.

[11] See Affidavit of Scarborough, Meade County Defendants' Motion for Summary Judgment (DN 106), Exhibit #13, but attached for convenience of the Court.

shortcomings by Washington.  Instead, he complains about the individual carrying out of Wahsington's medical orders, i.e., BROWN.

For other appropriate responses, see MEADE COUNTY DEFENDANTS' Motion for Summary Judgment, pgs. 14-18.

**2.)** In regards to the Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs proceeding against Defendant Brown regarding **Plaintiff's Mental Health Needs.[12]**

See MEADE COUNTY DEFENDANTS' Motion for Summary Judgment, pgs. 14-18, along with the Answers to Interrogatories of BROWN, specifically Interrogatories No. 15, 16, 17, 18 and 19.[13]

**Defendant Brandon Finch ("Finch")**

**3.)** In regards to the First Amendment (and Fourteenth)  Amendment violations and Religious Land Use and Institutionalized Persons Act (RLUIPA") constitutional violations proceeding against Defendant Finch:

First, the RLUIPA does not provide for monetary damages and CLEMANS cannot use a §1983 claim to seek monetary damages not permitted by RLUIPA.  CLEMANS is no longer incarcerated at MCDC; thereby rendering this allegation moot.

For other applicable arguments regarding explanation of CLEMANS' inability to succeed on this claim see MEADE COUNTY DEFENDANTS' Motion for Summary Judgment, pgs. 10-14.[14]

---

[12] See Clemans' Motion for Summary Judgment (DN 98), pg. 9.
[13] See Brown's Answers to Interrogatories, Exhibit #6 to her Affidavit included with Exhibit #12 of Meade County's Motion for Summary Judgment (DN106).
[14] See Meade County Defendants' Motion for Summary Judgment, (DN 106).

**4.)** In regards to the First Amendment violations proceeding against Defendant Finch for losing and opening Plaintiff's legal mail and refusing to make copies of or notarize legal documents:

First, CLEMANS' allegations concerning "refusing to make copies or notarize legal documents" was not permitted to proceed forward per the Court's Memorandum Opinion and Order.[15]

Again, CLEMANS is very liberal with his interpretation of the facts, and specifically FINCH'S Answers to Interrogatories.  Finch does not handle legal mail on a daily basis and only becomes involved when "mail" is not marked appropriately.[16]  CLEMANS provides "no significant probative evidence to support its claim." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

Here, as with WEBSTER hereinbelow, CLEMANS fails to meet his burden entitling him to summary judgment on this claim as well as any of his claims.  CLEMANS has even attempted to fabricate facts through Affidavits of fellow inmates, and the content of each Affidavit has been debunked.[17]

For other applicable arguments regarding explanation of CLEMANS' inability to succeed on this claim see MEADE COUNTY DEFENDANTS' Motion for Summary Judgment, pgs. 9-10[18].

---

[15] See Court's Memorandum Opinion and Order (DN 11) issued 10/9/24.
[16] See Meade County Defendants' Motion for Summary Judgment, Exhibit #6, Affidavit of Brandon Finch.
[17] See Affidavit of J.J. Scarborough attached hereto as a part hereof (Exhibit # 13 to Meade County Defendants' Motion for Summary Judgment (DN 106).
[18] See Meade County Defendants' Motion for Summary Judgment (DN 106).

**Defendant Rebecca Webster ("Webster")**

**5.)** In regards to the First Amendment violations proceeding against Defendant Webster for losing and opening Plaintiff's legal mail and refusing to make copies of or notarize legal documents:

See Response regarding FINCH immediately hereinabove.

**6.)** In regard to Meade County violating Plaintiff's rights to its failure to adequately train its employees and lack of implemented policy for its employees, in both Sheriff's Office ("MCSO") and Meade County Detention Center ("MCDC") Staff, resulting in failure to ensure avoidance of violating Plaintiff's and Citizen's Federal rights:

First, there is no claim against anyone from the Office of the Meade County Sheriff's Office so that above reference is not part and parcel of CLEMANS' claim against MEADE COUNTY.[19]  As set out in MEADE COUNTY DEFENDANTS' Motion for Summary Judgment, the record (evidence) clearly rebukes CLEMANS' contention that members of the MCDC are not adequately trained; thereby, exposing MEADE COUNTY to a "*Monell*" claim.[20]  This claim, along with all other claims addressed hereinabove, is without merit.

**IV.    CONCLUSION**

For the reasons set forth herein as well as the arguments offered in MEADE COUNTY DEFENDANTS MOTION FOR SUMMARY JUDGMENT,[21] Defendants BRANDON FINCH, AMBER BROWN, REBECCA WEBSTER and MEADE COUNTY respectfully request this Court

---

[19] See the Court's Memorandum Opinion and Order (DN 11, DN 25 and DN 36).

[20]  See Meade County Defendants Motion for Summary Judgment (DN 106), pgs. 18-21.

[21] See (DN _106)

overrule CLEMANS' Motion for Summary Judgment (DN 98), and to grant their Motion for

Summary Judgment.

Respectfully submitted,


___/s/ Robert K. Bond_____
ROBERT K.  BOND
LOCHMILLER BOND
514 N. MULBERRY STREET
P.O. BOX 826
ELIZABETHTOWN, KY  42702-0826
(270) 900-1248
rkbond@lbatty.com
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the Kentucky Court of Justice e-filing system.  A copy of the same was mailed on the same date to the following:

Daniel R. Clemans #333945
Lee Adjustment Center
168 Lee Adjustment Drive
Beattyville, KY  41311


___/s/ Robert K. Bond_____
ROBERT K.  BOND


7