**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**DANIEL R. CLEMANS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:24-CV-00334-DJH**

**J. SCARBOROUGH *et al.*** **DEFENDANTS**

---

**MEMORANDUM OPINION and ORDER**

Plaintiff Daniel R. Clemans filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [DN 1]. In its review of the complaint and the amended complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed several of Plaintiff's claims but allowed the following claims: (1) First Amendment legal-mail claims against Defendants Brandon Finch and Rebecca Webster; (2) a Fourteenth Amendment deliberate-indifference claim against Defendant Amber Brown regarding Plaintiff's hernia; (3) a Fourteenth Amendment deliberate-indifference claim against Brown regarding Plaintiff's mental health needs; (iv) First Amendment free-exercise and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Finch; and (5) a failure-to-train claim against Meade County. [DN 121]. Following consideration of cross-motions for summary judgment, only Plaintiff's First Amendment legal-mail claims remain. *Id.*

This case has been referred to Magistrate Judge Lanny King pursuant to 28 U.S.C. § 636(b)(1)(A) to "conduct a settlement conference and to rule on any necessary non-dispositive motions." [DN 122].

Before the Court now is Plaintiff's Motion for Appointment of Counsel (the "Motion"). [DN 124]. Plaintiff moved for Appointment of Counsel on two prior occasions. [DNs 22, 33], both

of which were denied by this Court, [DNs 24, 36]. Plaintiff provides the following reasons to justify the appointment of counsel, some already addressed by this Court, some not:

(1) "Plaintiff is an inmate clearly untrained in law" rendering it "most-difficult and near-impossible" to gather evidence and witnesses, comport allegations with the law, and ensure protection in "such complex and medical proceedings." [DN 124].

(2) Plaintiff has requested appointment of counsel "several times" from the onset of this case. *Id.*

(3) Plaintiff's "inartful pleadings" have been "weaponized against Plaintiff" which was "excused as 'summary judgment stage'" despite the requirement that *pro se* documents be liberally construed. *Id.*

(4) "It is unethical, unfair, and unjust" to allow those who violate citizens' constitutional rights to have free counsel but deny the same to the people whose rights they violated. *Id.*

(5) Plaintiff's lack of counsel "substantially" burdens him with gathering evidence in a way that violates his Due Process rights. *Id.*

For the following reasons, the Motion is **DENIED**.

**Plaintiff has not shown an exceptional circumstance to justify the appointment of counsel.**

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e). [DN 124]. Under § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel. 28 U.S.C.A. § 1915(e)(1) (West). In a civil case, the appointment of counsel is not a constitutional right but only a "privilege." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Because it is a privilege, an indigent civil litigant's request for counsel is an appeal to the Court's discretion, *Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001), and "is justified only in exceptional circumstances," *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Lavado*, 992, F.2d at 605-06). "To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent [themselves]." *Id.* The Court should

also consider "the plaintiff's financial resources," "the plaintiff's efforts to obtain counsel," and "whether the plaintiff's claim has any merit." *Ana Leon T. v. Fed. Rsrv. Bank of Chi.*, 823 F.2d 928, 930 (6th Cir. 1987).

Plaintiff's first reason argues that the Court should appoint him counsel because he "is an inmate clearly untrained in law." But the fact that a plaintiff is a "layperson who lacks sophisticated knowledge, or even any knowledge, of the law is not an exceptional circumstance warranting the appointment of counsel." *Roberts v. Forge*, 2026 WL 1747442, *2 (E.D. Tenn. June 17, 2026) (internal quotations omitted). "[I]f it were, then the Court would have to appoint counsel to *pro se* litigants in every case." *Id.* The Plaintiff's third reason, arguing his "inartful pleadings" have been "weaponized against Plaintiff," can be dismissed on the same grounds. Plaintiff also appears to suggest that the Court held Plaintiff's filings to an improper standard, claiming that his "inartfully pleaded" *pro se* documents were "weaponized" against him under the summary judgment standard despite the Supreme Court's requirement that such documents be "liberally construed." [DN 124]. However, as this Court noted in a prior ruling in this case [DN 102], "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, 2010 WL 8738105 (6th Cir. May 5, 2010) (citing *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006)). Plaintiff cites no authority establishing that adhering to a standard that mandatory authority requires this Court to follow creates or contributes to an exceptional circumstance.

As to the Plaintiff's second reason, the Court acknowledges that Plaintiff has requested appointment of counsel on previous occasions, [DNs 22, 33], and that this is Plaintiff's third attempt at moving the Court to appoint counsel. However, the Court does not consider this fact, in

the context of other considerations, to amount to an "exceptional circumstance" which justify the appointment of counsel.

Plaintiff's fourth reason argues that it is "unethical, unfair, and unjust" for him to represent himself against the Defendants who wronged him and who are provided free counsel. However, this situation "is not an exceptional circumstance warranting appointment of counsel without more." *McKinney v. Napier*, 2018 WL 11463587 (E.D. Ky. June 19, 2018). "One does not acquire a right to counsel in a civil case merely because one is proceeding *pro se* against a party represented by counsel." *Marr v. Foy*, 2007 WL 5111849, *6 (W.D. Mich. Dec. 3, 2008) (citing *Luttrell v. Nuckell*, 129 F.3d 933, 936 (7th Cir. 1997)).

Plaintiff's fifth reason argues that he should appointed counsel because the fact-finding litigation tasks necessary to investigate and prosecute his claim "substantially" burdens him in a way that violates his Due Process rights. However, performing these tasks do not ordinarily constitute an exceptional circumstance: "Difficulties in preparing the case and conducting discovery are present in every prisoner civil rights case and such difficulties are not to be considered as necessitating appointment of counsel." *LaPine v. City of Detroit*, 2020 WL 7770891, at *1 (E.D. Mich. Dec. 30, 2020) (internal quotation marks omitted); *see also Coates v. Kafczynski*, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning Plaintiff's incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation.").

Furthermore, this Court has already found that the complexity of the issues in this case does not necessitate the appointment of counsel and that Plaintiff is sufficiently articulate to able to present his case to the Court. [DNs 24, 36].

For all the above reasons, the Court finds that Plaintiff's given reasons in aggregate have not established an exceptional circumstance warranting appointment of counsel at this time. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion [DN 124] is **DENIED**.

October 9, 2026

**Lanny King, Magistrate Judge**
**United States District Court**